**Affirmed and Opinion filed September 11, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00012-CV

**VINH HUU CAO & MAI HONG LUU, Appellants**

**V.**

**KELLY HANCOCK, IN HIS OFFICIAL CAPACITY AS ACTING TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, Appellee**

**On Appeal from the 261st District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-21-002809**

# OPINION

Appellants Vinh Huu Cao and Mai Hong Luu filed suit for a declaration that a state tax lien securing over $30,000 in unpaid taxes and fees is not valid as against their homestead. The Acting Comptroller of Public Accounts, Kelly Hancock,[1]

---

[1] Kelly Hancock was automatically substituted as a defendant when his predecessor, Glenn Hegar, ceased to hold office. *See* TEX. R. APP. P. 7.2(a). "Comptroller" in this opinion refers generally to action by both the previous and current state officials.

agrees the lien does not attach to their homestead, though it may do so in the future if the property loses its homestead status. But he also filed a plea to the jurisdiction asserting immunity from suit, which the trial court granted and dismissed without prejudice.

The irony in this appeal is that although the Comptroller denies the tax lien attaches to their homestead, the homeowners must argue it *does* attach to their homestead if they hope to avoid his plea of immunity based on an unconstitutional or ultra vires act. Applying the standard canons of construction, we hold the lien does not attach to their homestead, so the Comptroller's immunity cannot be avoided. We affirm and dismiss with prejudice.

## BACKGROUND

In March of 2010, the then-Comptroller recorded this state tax lien in the real property records of Harris County, giving notice of a tax liability for mixed beverage gross receipts of $36,237.54 in taxes, penalties, and interest.[2] The notice stated Cao's name and a Houston address under the listing "Taxpayer Identification." The notice also stated that all "taxes/fees, fines, penalties and interest due to the State of Texas were assessed by statute and were secured as of the assessment date by a statutory lien on all real and personal property owned, claimed or acquired by [Cao]."

Cao and his wife (the homeowners) own real property in Harris County they allege "has continuously been and remains [their] residential homestead … from before the tax lien was filed through the filing of this suit." It has the same address as that listed in the Comptroller's tax lien in the deed records.

In March of 2020, the homeowners filed suit in Harris County district court, alleging that the lien "unconstitutionally encumbers" their homestead and requesting

---

[2] *See* TEX. TAX CODE Ch. 183.

a declaration that the lien "does not apply" to it.[3] The Comptroller filed a plea to the jurisdiction asserting that Travis County district courts have exclusive jurisdiction over suits to avoid a state tax lien.[4] The trial court granted the plea, and the First Court of Appeals affirmed.[5]

Meanwhile, the homeowners re-filed their claims against the Comptroller in Travis County. He again filed a plea to the jurisdiction, this time asserting immunity. After a hearing, the Travis County court granted the Comptroller's plea to the jurisdiction and dismissed the suit without prejudice. This appeal followed.

## DISCUSSION

Sovereign immunity protects the State and state officials from suit and is properly raised in a plea to the jurisdiction.[6] Because the Comptroller's plea challenged the homeowners' pleadings, we consider whether they alleged facts that, if true, affirmatively demonstrate either a waiver or an exception to sovereign immunity.[7] As is often the case, "the facts underlying the merits and the facts underlying our jurisdiction can be intertwined in the context of a governmental plea to the jurisdiction."[8] When a challenge to jurisdiction implicates the merits, a

---

[3]     *See Cao v. Hegar*, 695 S.W.3d 442, 444 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

[4]     *See* TEX. TAX. CODE § 111.0102.

[5]     *See Cao v. Hegar*, 695 S.W.3d at 446.

[6]     *Matzen v. McLane,* 659 S.W.3d 381, 387–88 (Tex. 2021). We review a trial court's ruling on a plea to the jurisdiction, including any questions of statutory construction, de novo. *Id.* at 388.

[7]     *See id*. at 388–89; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

[8]     *Webster v. Comm'n for Lawyer Discipline*, 704 S.W.3d 478, 498 (Tex. 2024); *see also Image API, LLC v. Young*, 691 S.W.3d 831, 836 n.15 (Tex. 2024) ("In an ultra vires case, the jurisdictional inquiry and the merits inquiry are often intertwined." (quoting *Chambers–Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019)).

3

claimant must raise a genuine issue of material fact to establish jurisdiction.[9]

The homeowners raise three issues on appeal: (1) whether the state tax lien created by Tax Code chapter 113 applies to their residential homestead; (2) whether immunity is waived because chapter 113 is unconstitutionally vague; and (3) whether application of the state tax lien to their homestead is an ultra vires act.

## I. The state tax lien does not attach to homestead

*Texas Tax Code § 113.001.* TAX LIABILITY SECURED BY LIEN.

(a) All taxes, fines, interest, and penalties due by a person to the state under this title are secured by a lien on all of the person's property that is subject to execution.

(b) The lien for taxes attaches to all of the property of a person liable for the taxes.

Section 113.001 of the Texas Tax Code authorizes a single tax lien for unpaid taxes, penalties, and interest owed to the State, as well as any other "tax or fee that the comptroller is required to collect under a law not included in this title."[10] Subpart (a) of § 113.001 expressly limits that state tax lien to "all of the person's property that is *subject to execution*"—thereby excluding *exempt* property like the homestead here because it is *not* subject to execution.[11]

The homeowners argue the lien nevertheless applies to their homestead because subpart (b) of § 113.001 says: "The lien for taxes attaches to *all* of the property of a person liable for the taxes."[12] But we do not read parts of a statute in

---

[9]     *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019).

[10]     TEX. TAX CODE §§ 113.001(a), 113.0021.

[11]     *See* TEX. CONST. art. XVI, § 50(a); TEX. PROP. CODE § 41.001.

[12]     TEX. TAX CODE § 113.001(b) (emphasis added).

isolation.[13]  The subject of the single sentence in part (b) is "*The* lien for taxes"; that can only refer to the lien just created in part (a), since no other lien is created by or even mentioned in chapter 113. Reading the two subparts together, subpart (a) defines the *category* of property that secures payment of state taxes (nonexempt property), and subpart (b) defines *how much* of that property is at risk (all of it).

The Comptroller's notice of lien here did not specifically state that it excluded exempt property like a homestead, or list any of the many other kinds of exempt property under federal and state law. But it stated every item that chapter 113 required it to state,[14] and like other recording statutes its purpose was to give constructive notice, not identify specific properties.[15] Accordingly, we hold that the tax lien did not attach to the homeowners' homestead.

## II.  Vagueness

The homeowners next assert that the state tax lien created by § 113.001 is unconstitutionally vague because subparts (a) and (b) "contradict one another" and "create[] an ambiguity": part (a) imposes a lien on all property "subject to execution," and part (b) states that it "attaches to all of the property" of a defaulting taxpayer. But an ambiguity exists in text "only if it is subject to more than one reasonable interpretation *after* the pertinent rules of construction have been

---

[13]     *Kelley v. Homminga*, 706 S.W.3d 829, 832 (Tex. 2025) ("But statutory text must always be read in context—not isolation.").

[14]     *See* TEX. TAX CODE § 113.002 (providing that notice of tax lien "*must* include" name and address of the taxpayer, amount and type of tax owing, and period of delinquency, and "*may* include" other information the comptroller considers proper (emphasis added)).

[15]     *See 425 Soledad, Ltd. v. CRVI Riverwalk Hosp., LLC*, 709 S.W.3d 551, 560 (Tex. 2024) ("A recorded interest provides constructive notice"); *see also* TEX. TAX CODE § 113.006 (stating a single tax lien notice "is sufficient to cover all taxes of any nature" on secured property).

applied."[16] As noted above, applying those rules here § 113.001 is neither ambiguous nor vague; it applies to *all* of a taxpayer's *nonexempt* property.

This construction is supported by the relevant statutory history. When the Texas Tax Code was codified in 1981, the text of both subparts (a) and (b) was identical to the current text except that the lien applied only to property the taxpayer owned when the taxes became due: subpart (a) limited the lien to "property that is subject to execution *and is owned at the time the lien attaches*," and subpart (b) provided that it attached to all of a person's property "*on the day the tax becomes due and payable*."[17] In 1985, the Legislature extended the state tax lien to property acquired *after* the taxes became due—simply by deleting the last nine words of each subpart (as italicized above).[18] This confirms that the Legislature intended the two subparts to be a single lien—initially as a *pre*-1985 lien attaching all nonexempt property on the day the taxes became due, and a *post*-1985 lien attaching to all nonexempt property *regardless* of when it was acquired.

Because we find no conflict or ambiguity in § 113.001, the homeowners have not and cannot plead a facially valid argument that it is unconstitutionally vague.

## III. Ultra Vires

The homeowners also assert that immunity does not apply because the Comptroller acted ultra vires by filing a notice of tax lien that violated the Texas Constitution and Property Code by unlawfully attaching to their homestead. But "whether the defendant's conduct constitutes an ultra vires action that falls within an exception to governmental immunity depends on what the statute required of the

---

[16] *Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 340 (Tex. 2023) (emphasis added).

[17] *See* Act of June 10, 1981, 67th Leg., R.S., ch. 389, § 1, 1981 TEX. GEN. LAWS 1490, 1518.

[18] *See* Act of April 16, 1985, 69th Leg., R.S., ch. 37, § 2, 1985 TEX. GEN. LAWS 417, 418.

defendant."[19] If the alleged ultra vires actions "were not truly outside the officer's authority or in conflict with the law, the plaintiff has not stated a valid ultra vires claim and therefore has not bypassed sovereign immunity."[20] Because the Comptroller's tax lien here did not apply to exempt homestead property as a matter of law, the homeowners have not and cannot plead a viable ultra vires claim.

## IV. The UDJA and Section 113.106

Although not expressly stated in their issues presented, the homeowners also argue the Legislature waived the Comptroller's immunity from suit in either the Uniform Declaratory Judgments Act (UDJA) or in chapter 113 itself.

To obtain declaratory relief against the government under the UDJA, "it is necessary to show that the challenged law is invalid because it is unconstitutional, preempted by superior governing law, or barred for some similar reason. The [UDJA] does not permit a suit merely seeking guidance about the application of the law to particular facts."[21] For the reasons stated above, we reject the homeowner's claims that chapter 113 unconstitutionally violates homestead or vagueness laws.

As to chapter 113 itself, the homeowners point to § 113.106 providing that "[a] person must bring suit to determine the validity of a state tax lien not later than the 10th anniversary of the date the lien was filed."[22] That section includes requirements for notice and enforcement of any judgment,[23] and avenues for

---

[19] *Image API, LLC v. Young*, 691 S.W.3d 831, 835 n.15 (Tex. 2024) (quoting *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 583 (Tex. 2015)).

[20] *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

[21] *State v. Zurawski*, 690 S.W.3d 644, 661 (Tex. 2024).

[22] TEX. TAX CODE § 113.106(a), (e).

[23] *Id*. § 113.006(b)–(d).

taxpayers to contest proper notice of a tax liability.[24] But for several reasons, we disagree that it clearly and unambiguously waives the Comptroller's immunity.

*First*, chapter 113 never mentions "immunity" or requires the Comptroller to be joined as a party, either in § 113.106 or anywhere else. In the immediately preceding chapter of the Tax Code governing "Taxpayers' Suits" (chapter 112), the Legislature expressly stated that "[a] person may bring suit against the state …,"[25] and "[a] person may sue the comptroller …."[26] Chapter 113 says nothing like that.

*Second*, the homeowners do not challenge the *validity* of the state tax lien as such (which is what § 113.106 addresses), but the *specific property* to which it attaches. They concede that they "do not seek to nullify the Lien in question in its entirety," or challenge its validity as to any of their property *except* their homestead. The question is thus whether chapter 113 clearly authorizes a suit against the Comptroller to declare whether specific property is in or out. But Texas law declares a long list of property exempt from execution (up to $100,000 in value), including home furnishings, farm and ranch vehicles, equipment used in a trade or profession, wearing apparel, two firearms, a motor vehicle for each family member, herds of livestock and fowl, and household pets.[27] The homeowners do not point to any statute waiving immunity from suits to quiet title to property;[28] those issues generally must be decided by a takings claim if the State ever seeks to take possession, sell, or

---

[24]   *Id*. § 113.006(f).

[25]   *Id.* §§ 112.052(a), 112.151(a).

[26]   *Id*. § 112.201(a).

[27]   *See* TEX. PROP CODE §§ 41.001(a), 41.002.

[28]   The single exception is if "the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties." TEX. CIV. PRAC. & REM. CODE § 37.004(c).

bar the owner from selling.[29] Absent a clear waiver of immunity, we cannot imply a waiver for standalone suits by curious taxpayers demanding that the Comptroller and courts declare which specific items of real and personal property to which a state tax lien does or does not attach.[30]

*Third*, even if chapter 113 clearly and unambiguously waived immunity, the homeowners still had to plead a viable claim against some action by the Comptroller.[31] But the only act by the Comptroller here—filing a single notice of tax lien as to all nonexempt real and personal property—is expressly allowed by statute.[32] The Comptroller never tried to enforce the lien against the homestead here as he concedes it does not attach to it. The homeowners thus have not pleaded a valid claim for violation of any state law or legal duty, and the trial court did not err by granting the plea to the jurisdiction.

## CONCLUSION

Because chapter 113 exempts property like the homestead here from a state tax lien, we hold the statute is not vague and the Comptroller's compliance with it is not an ultra vires act. As the homeowners cannot amend their pleadings to avoid these defects, we dismiss the suit against the Comptroller with prejudice.

---

[29] *See Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 392 (Tex. 2011) (holding immunity barred suit to quiet title to ownership of streambed, and no takings claim arose until agency took some action to take possession or sell materials from it).

[30] The only Texas case interpreting this section held that § 113.106 authorized a bank that held a superior lien to bring a takings claim against the Texas Workforce Commission for taking $230,000 in receivables based on an inferior lien. *See Tex. Workforce Comm'n v. Midfirst Bank*, 40 S.W.3d 690, 695 (Tex. App.—Austin 2001, pet. denied). We agree § 113.106 provides for suits adjudicating competing liens, which may include a government entity if immunity has been waived by other provisions like the bank's takings claim in *Midfirst*.

[31] *See Matzen v. McLane*, 659 S.W.3d 381, 389 (Tex. 2021).

[32] *See* TEX. TAX CODE § 113.006(b).

              /s/ Scott A. Brister        
              Scott A. Brister
              Chief Justice

Before Chief Justice Brister and Justices Field and Rose.[33]

---

[33]     The Honorable Jeff Rose, retired, sitting by assignment.